**Marlene E. Lati BEAUDIERE, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

No. 07–2909–ag.

United States Court of Appeals, Second Circuit.

March 26, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Lila Sljivar, Wilens & Baker, P.C., New York, NY, for Petitioner.

Jeffrey Bucholtz, Acting Assistant Attorney General, Civil Division; Michelle Gorden Latour, Assistant Director; Jeffrey J. Bernstein, Senior Litigation Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Marlene E. Lati Beaudiere, a native and citizen of Jamaica, seeks review of a June 7, 2007 order of the BIA denying her motion to reopen deportation proceedings. *In re Marlene E. Lati Beaudiere,* No. A73 619 208 (B.I.A. June 7, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v.*

*U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Here, the BIA accurately noted that it had dismissed Lati Beaudiere's appeal from an IJ's decision in February 1999, and that she did not file her motion to reopen until December 2006. Because Lati Beaudiere filed that motion well beyond the 90 day filing deadline, the BIA properly concluded that it was untimely. 8 C.F.R § 1003.2(c)(2).

Moreover, the BIA properly found that Lati Beaudiere's case did not warrant equitable tolling based on ineffective assistance of counsel when she failed to show that she exercised due diligence in pursuing her claim. *See Cekic v. I.N.S.,* 435 F.3d 167, 170 (2d Cir.2006). Although Lati Beaudiere complained about Michael Brown, the attorney who represented her at the time of the BIA's February 1999 decision, she did not assert that Brown failed to inform her of that decision. Given that the BIA specifically explained the deficiencies present in Lati Baudiere's appeal—i.e., that she was properly in removal and not deportation proceedings—she was on notice of any ineffective assistance of counsel as early as February 1999, as conveyed by the BIA's decision. *See Iavorski v. INS,* 232 F.3d 124, 134 (2d Cir. 2000) (holding that in a situation where fraud or concealment of the existence of a claim prevents an individual from timely filing, equitable tolling of a statute of limitations is permitted until the fraud or concealment is, or should have been, discovered by a reasonable person in the situation). Yet, as noted by the BIA in its June 2007 decision, she did not file her motion to reopen until nearly seven years later, and did not explain the reasons for the delay in seeking new counsel. *Id.*

While Lati Beaudiere asserts that the BIA violated her right to due process by basing its due diligence finding solely on

administratively noticed facts, that assertion is without merit. There is no indication in the record that the BIA took such notice. Rather, the BIA appropriately examined the record before it and observed that Lati Beaudiere did not offer any explanation as to why she did not pursue her claim between 1999 and 2006. *See Cekic,* 435 F.3d at 170. Similarly, although the record reflects that Lati Beaudiere had been represented by current counsel since March 2006, she failed to clarify why she did not file her motion to reopen until December 2006. Because Lati Beaudiere failed to demonstrate that she made efforts to pursue her claim within a reasonable period following the BIA's February 1999 decision, the BIA properly found that she failed to exercise due diligence. *See Iavorski,* 232 F.3d at 134. Thus, the BIA properly denied Lati Beaudiere's motion and provided adequate reasoning for doing so. *See Ke Zhen Zhao,* 265 F.3d at 93.

For the foregoing reasons, the petition for review is DENIED.